CDM MANUFACTURING CO, INC, a California corporation, Plaintiff—Appellee,

v.

COMPLETE SALES REPRESENTATION, INC, a Ohio corporation; Corry Industries Inc, aka Corry Manufacturing Company, Inc, Defendants—Appellants,

and

Does, Does 1 Through 10, Inclusive Defendant.

No. 01–56138.
DC CV–98–02036–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Oct. 29, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER, District Judge.*

MEMORANDUM**

Complete Sales, Inc. and Corry Manufacturing Inc. appeal the district court's judgment following a jury trial in CDM Manufacturing Co., Inc.'s diversity action seeking recovery of unpaid commissions for its sales representation services to Corry, an aircraft parts manufacturer and its related company, Complete Sales. The jury found that Complete breached the covenant of good faith and fair dealing by way of a putative termination of its contract with CDM two days after CDM landed a $30 million contract for Complete and Corry. The jury also found Corry liable for unjust enrichment and that it violated the California Independent Wholesale Sales Representative Contractual Relations Act of 1990, Cal. Civil Code § 1738.15. The district court had jurisdiction pursuant to 28 U.S.C. § 1332; this court has jurisdiction pursuant to 28 U.S.C. § 1291. We reverse in part but affirm the judgment.

█ The facts will only be repeated here where necessary to explain our decision. Under Ohio law, a claim for breach of an implied covenant of good faith must be based on a fiduciary or other special relationship mutually recognized by the parties to the agreement. *Sammarco v. Anthem Ins. Cos., Inc.,* 131 Ohio App.3d 544, 723 N.E.2d 128, 135-6 ( 1998) (where there is no fiduciary or other such special relationship between the parties to the contract, the imposition of a duty of good faith and fair dealing is not justified and a termination based upon legitimate economic interests, such as to increase profits, will not give rise to a claim of bad faith); *see also Tanksley & Assoc. v. Willard Indus., Inc.,* 961 F.Supp. 203, 207 (S.D.Ohio 1997) (Ohio cases finding implied duty turned on the fact that the relationship was an agency). Here, there was no evidence of such a relationship; CDM was merely Complete and Corry's independent contractor. *Northeast Ohio College of Masssotherapy v. Burek,* 144 Ohio App.3d 196, 759 N.E.2d 869, 875 (2001); *Schulman v. Wolske & Blue Co., L.P.A.,* 125 Ohio App.3d 365, 708 N.E.2d 753, 758 (1998) (Under Ohio law, there is generally no fiduciary relationship or duty between an independent contractor and his employer unless both parties understand that that relationship is one of special trust and confidence). There was thus no fiduciary relationship created and CDM's claim for breach of an implied covenant of good faith failed as a matter of law. The judgment against Corry is, however, sustainable on the claims which survive.

There was no error in the district court's denying the appellants' motions for judgment as a matter of law or new trial on CDM's claim that Corry had been unjustly enriched. Corry never raised an objection to the district court's intention to instruct the jury only on unjust enrichment and not separately on quantum meruit. It thus waived the new trial issue.

█ As to the argument that CDM failed to establish that it expected to be

* Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

paid on the Allied LTA extension, appellants ignore the fact that the only claim which went to the jury was the unjust enrichment claim, which under Ohio law does not contain an expectation element. *Compare Sonkin & Melena Co., L.P.A. v. Zaransky,* 83 Ohio App.3d 169, 614 N.E.2d 807, 811–12 (1992) (essential elements of quantum meruit include expectation of payment) with *City Bank v. Fleming,* 2 Ohio App.3d 50, 440 N.E.2d 590, 599 (1981) (elements of unjust enrichment are a benefit conferred and circumstances rendering it unjust to permit recipient to retain the benefit without payment). It is thus irrelevant whether or not CDM put on evidence that it expected additional commissions on the Allied LTA extension.

■ CDM's pendent claim under Cal. Civil Code § 1738.15, asserting a willful failure of Corry to directly enter into a written contract with it was also sustained by the record. While appellants assert they were never on notice that CDM was pursuing this claim, rather than a claim under the statute for failing to pay commissions, the parties' final pre-trial report and order listed as one of the issues of law to be litigated "whether Defendant violated the Independent Wholesale Sales Representative Contractual Relations Act of 1990" and "[w]hether Corry is subject to the [Act]." As the final pre-trial order has the effect of amending the pleadings, *999 v. C.I.T. Corp.,* 776 F.2d 866, 870 n. 2 (9th Cir.1985), and "will be liberally construed to permit consideration of any issues that are embraced within its language," *ACORN v. City of Phoenix,* 798 F.2d 1260, 1272 (9th Cir.1986) (internal quotation marks omitted), Corry was on notice that it was a target defendant and of the claim to be tried. In addition, counsel for CDM stated in his opening speech to the jury that Corry's failure to enter into a written contract was an alternate source of liability

to the failure to pay commissions claim. As the jury found liability under the Act, the district court did not err by trebling the damages and awarding attorney's fees.

We also find no error in the district court's decision to admit CDM's expert damages testimony. None of the assertions made by appellants attack the methodology that CDM's expert used in making his calculations. Rather, they go to the weight to be accorded his calculations. The expert testified that his expertise is in the area of finance and quantitative analysis. His assignment was in the area of this expertise. He used mathematical extrapolation, straight line linear progression and averaging to arrive at his numbers. Corry makes no argument that these methods were not generally accepted by experts in quantitative analysis and finance. Accordingly, appellants' *Daubert* arguments have no basis. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

There was also no error in the district court's finding that the jury's award of damages was supported by the record. The proper measure of damages for the unjust enrichment claim was the benefit Corry received, not the reasonable value of the services CDM provided. *See Hartley v. Dayton Computer Supply,* 106 F.Supp.2d 976, 984 (S.D.Ohio 1999) (in unjust enrichment, damages are conferred in the amount the defendant benefitted; in quantum meruit, damages are the measure of the value of the plaintiff's services). It was thus irrelevant whether or not CDM put on evidence of the value of its services.

We also find no error in the district court's refusal to take judicial notice of the median annual earnings of sales representatives. The district court expressed its reasons for refusing to take judicial notice and did not abuse its discretion. Appel-

lants have not shown they were prejudiced.

REVERSED IN PART; JUDGMENT AFFIRMED. COSTS TAXED TO APPELLANTS.

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.